# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1189
Lower Tribunal No. 12-30716A
_____


**Keon M. Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.315(a) from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Keon M. Williams, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SHEPHERD, LAGOA, and LOGUE, JJ.

LOGUE, J.

Appellant sought and was granted a belated appeal for the limited purpose of seeking review of the trial court's order denying his motion to suppress identification. Following the denial of the motion to suppress, defendant entered a global plea to resolve this case as well as other cases. In entering the plea, however, and contrary to the clear requirement of the governing rules and statutes, Appellant failed to expressly reserve the right to appeal the denial of the motion to suppress. Further, the trial court did not find that the motion to suppress identification would have been dispositive of the case. Fla. R. App. P. 9.140(b)(2)(A)(i); § 924.06 (3), Fla. Stat (2015).[1] In these circumstances, the Supreme Court has instructed, "the district courts should affirm summarily utilizing the procedure set forth in Florida Rule of Appellate Procedure 9.315(a)." Leonard v. State, 760 So. 2d 114, 119 (Fla. 2000).

Affirmed.

---

[1] Although Appellant's petition for belated appeal was limited to seeking review of the trial court's denial of his motion to suppress identification, he enlarged the scope of his brief and issues raised therein, well beyond the limited nature of his petition for belated appeal and our order granting same. We dismiss those portions of the appeal and, with one exception, express no opinion on whether Appellant may seek collateral relief on those claims. The one exception is Appellant's claim that the trial court erroneously sentenced Appellant on a violation of probation in lower case number F12-669, contending that his probation in that case had expired by the time the affidavit of violation was filed. The trial court has already granted relief in that regard, having entered an Amended Order Granting in Part Defendant's Motion to Correct Illegal Sentence, Case nos. F10-19592, F12-669 (Fla. 11th Cir. Jan. 15, 2016).